STATE OF MICHIGAN
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN


THOMAS R. KOCHIS, and those
similarly situated

        Plaintiffs,

v.

CITY OF WESTLAND

       Defendant.   File No:

             Hon.
_____/

Law Offices of Aaron D. Cox, PLLC
Aaron D. Cox (P69346)
Attorney for Plaintiffs
23380 Goddard Rd.
Taylor, MI 48180
734-287-3664
aaron@aaroncoxlaw.com

Mark K. Wasvary, PC
Mark K. Wasvary (P51575)
Co-Counsel for Plaintiffs
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
248-649-5667
markwasvary@hotmail.com
_____/

## CLASS-ACTION COMPLAINT

  NOW COMES THOMAS R. KOCHIS, on behalf of all others similarly

situated, by and through the undersigned attorneys from THE LAW OFFICES OF

AARON D. COX, PLLC and MARK K. WASVARY, PC, and states for this

Complaint as follows:

## **INTRODUCTION**

1. Plaintiff challenges the City of Westland's (the "City") policy, practice, and custom of imposing unlawful grass cutting and yard maintenance fees to Plaintiffs who own real property in the City.

2. Plaintiff, and those similarly situated, is the owner of real property in the City. Plaintiff owns the property commonly known as 33512 Berville, Westland, MI (the "Property").

3. The State of Michigan under the Home Rule City Act (MCL 117.1 et seq.) permits municipal corporations like Westland to adopt certain laws, codes, or rules for building regulations.

4. MCL 117.3 (K) specifically addresses the adoption of certain building codes:

> Except as otherwise provided under the Stille-DeRossett-Hale single state construction code act, 1972 PA 230, MCL 125.1501 to 125.1531, a city may adopt a law, code, or rule that has been promulgated and adopted by an authorized agency of this state pertaining to fire, fire hazards, fire prevention, or fire waste, and a fire prevention code, plumbing code, heating code, electrical code, building code, refrigeration machinery code, piping code, boiler code, boiler operation code, elevator machinery code, an international property maintenance code, or a code pertaining to flammable liquids and gases or hazardous chemicals, that has been promulgated or

adopted by this state, by a department, board, or other agency of this state, or by an organization or association that is organized and conducted for the purpose of developing the code, by reference to the law, code, or rule in an adopting ordinance and without publishing the law, code, or rule in full. The law, code, or rule shall be clearly identified in the ordinance and its purpose shall be published with the adopting ordinance. Printed copies of the law, code, or rule shall be kept in the office of the city clerk, available for inspection by, and distribution to, the public at all times. The publication shall contain a notice stating that a complete copy of the law, code, or rule is made available to the public at the office of the city clerk in compliance with state law requiring that records of public bodies be made available to the general public.

5.  Pursuant to the Home Rule City Act the City has adopted the International Property Maintenance Code ("IPMC") in Section 22-131 of the City's codes and ordinances. The IPMC, in turn, governs the maintenance of existing structures in the City.

6.  One section of the IPMC that the City amended relates to the City's handling of weeds. Of specific importance to this lawsuit is §22-132 of the City's Property Maintenance Code modifying IPMC 302.4, which reads as follows:

> (a) All premises and exterior property shall be maintained free from weeds or plant growth in excess of eight inches (hereinafter "Weeds"). All noxious weeds shall be prohibited. Weeds shall be defined as all grasses, annual plants and vegetation, leaves, other than trees or shrubs provided; however, this term shall not include cultivated flowers and gardens.

(b) Upon failure of the owner of a property, as listed in the city's tax records, to cut and destroy Weeds as required, the city may provide a notice of violation of this section by either affixing a written notice on the house or building or by sending a notice to the owner, by mail.

(c) If the length of the grass is between eight inches and ten inches at the time of the City's notice, and the owner fails to cut and destroy the Weeds within ten days of the date the city posted or mailed the notice of violation, in accordance with Westland Charter Section 14.1 and MCL 247.61, et seq. , the city or its designee or contractor may enter upon such land and cut and destroy such Weeds. The city shall charge the owner a weed cutting fee, in accordance with Westland Code Section 46-1(51), for this work.

(d) If the length of the grass is in excess of ten inches at the time of the City's notice, and the owner fails to cut and destroy the Weeds within seventy-two hours of the time the city posted or mailed the notice of violation, in accordance with Westland Charter Section 14.1 and MCL 247.61, et seq., the city or its designee or contractor may enter upon such land and cut and destroy such Weeds. The city shall charge the owner a weed cutting fee, in accordance with Westland Code Section 46-1(51), of this work.

(e) If the owner fails to pay such weed cutting fee, the city shall have the right to spread such fee against the property of such owner on the next county and school tax roll or the next general city tax roll. If it becomes necessary for the city to include such fee on the tax roll, an administrative charge of 30 percent of fee shall also be assessed.

(the "Weeds Ordinance")

7. The City has also adopted a companion ordinance to the Weeds Ordinance

that expands the City's authority from not only removing grass and weeds,

but also any other debris, refuse, or other determined nuisance pursuant to the City's Environmental Ordinances. Chapter 42, Article III of the City's Codes permits the City to enter onto an owner's land, after providing notice by registered mail or publication, and abate a nuisance. §42-72 permits the City to abate the nuisance by hiring an outside vendor. §42-73 permits the City to assess a special assessment to the property owner but only after the City council reviews a report of the costs of abatement; this section permits the charging of an administration fee and a 30% penalty.

(the "Nuisance Ordinance")

8.  Collectively the Weeds Ordinance and the Nuisance Ordinance provide the City with the purported ability to charge to owners not just the costs of abatement, but administrative fees and a 30% penalty for untimely payment (collectively the "Fees").

9.  The City issues these Fees to homeowners in the form of an invoice.

10. The City's Fees are charged administratively and not without City council's individualized review of the actual costs expended in abating the nuisance.

11. There is no administrative or judicial hearing to determine the propriety of the City's actions in abating an alleged nuisance.

12. There is no administrative or judicial hearing to determine the propriety of the City's Fees.

13. There is likewise no post-deprivation due process afforded to Plaintiff, or any other, to challenge the propriety or adequacy of the Fees.

14. In the event that an owner fails or refuses to pay the Fees they are subject not only to an arbitrary and capricious 30% penalty but the Fees are placed on the owner's tax rolls as a special assessment.

15. There is likewise no mechanism for appeal or court review of these Fees as they are not a final administrative order appealable under the Michigan Constitution.

16. The Fees constitute a "tax" that has not been authorized by the City's voters in violation of Article 9, Section 31 of the Michigan Constitution of 1963 (the "Headlee Amendment").

17. The Fees impose upon the owners of these properties a disproportional financial burden of a governmental entity – enforcement of the City's ordinances – which benefits the community at large.

18. Michigan law defines a tax as "having a primary purpose of raising revenue, while fees are usually in exchange for a service rendered or a benefit conferred." *Westlake Transportation, Inc. v Pub. Service Comm.,* 255 Mich App 589 (2003). "Where revenue generated by a regulatory 'fee' exceeds the cost of regulation, the 'fee' is actually a tax in disguise." *Id.*

19. The Fees are not a regulatory fee authorized by ordinance but are an unlawful fee charged/levied for the sole purpose of raising revenue in order to finance the operation of the government as a whole.

20. The Fees in this case are not charged in reasonable proportion for any service rendered to and owner or any benefit conferred. Instead, the Fees are charged as a further punishment to owners – without any hearing on such Fees – for the City's mere enforcement of its ordinances.

21. For a "fee" charged by the municipality to pass constitutional muster it must be reasonably proportionate to the direct and indirect costs of providing the service for which the fee is charged. *Merrelli v St. Clair Shores*, 355 Mich 575 (1959).

22. The City has issued in excess of 5503 invoices (the "Invoices") for Fees to owners of real property in the City since June of 2013. These invoices were charges by the City for grass cutting and debris removal under the Weeds Ordinance and/or the Nuisance Ordinance.

23. The Invoices generally range from $200 to many thousands of dollars charges to owners for each invoice.

24. The City did not perform any of the nuisance abatement referenced in the Invoices by its own staff, departments, or employees. Instead, the City has

hired Highland Landscape & Snow Plowing, Inc. ("Highland") to perform the Invoice's referenced abatements.

25. The City's Invoices do not reflect the actual costs of performing the referenced abatements charged to the City by Highland.

26. The City's Invoices almost without exception charge an amount that is between five-to-seven times greater than the amount the City paid to Highland.

27. The City charges an additional 30% administrative fee in addition to the Fees charged to owners. This 30% administrative fee is charged on the total balance of the invoice, regardless of the time, effort, energy, or work the City put into its administration of the process.

28. There is no notice on the Invoices to the owners that an administrative fee is being charged or that unpaid Invoices become a tax lien on the owners' property.

29. There is no rational relationship between the City's Invoices and the actual expenses incurred by the City in paying Highland to abate the alleged nuisances.

30. There is no rational relationship between the 30% administrative fee charged by the City where it is based solely on the amount of unlawful Fees and not on the costs of providing an alleged service.

31. The City's Fees are demands for payment and the consequence of failure to pay is a lien in the form of an additional tax obligation to the homeowner, which if not paid would result in the foreclosure of the homeowner's property under the Michigan General Property Tax Act. Any payment of the Fees by any person is also involuntary for this reason. See §10-82 IPMC-111.8 (6):

> The owner or party in interest in whose name the property appears upon the last local tax assessment records shall be notified of the amount of such cost by first class mail at the address shown on the records. If he or she fails to pay the same within three days after mailing by the finance director of the notice of the amount thereof, the finance director shall add the same to the next city tax roll of the city and the same shall be collected in the same manner in all respects as provided by law for the collection of taxes by the city.

32. Moreover, the City's Invoices are prohibited by MCL 141.91.

33. The doctrine of ultra vires further precludes a city from engaging in a course of conduct where it lacks the authority to do so by Constitution, Statute, or other law. The City has no lawful authority to charge the amounts in the Invoices.

34. All owners subject to the conduct of the City pay the charges involuntarily as the Defendant collects funds under the threat of lien for which the property would be subject to forfeiture for failure to pay.

35. Plaintiff received an invoice from the City for Fees under the Weed

Ordinance and/or the Nuisance Ordinance in November of 2017 for his Property.

36. The invoice received by Plaintiff was for $1,009.00. **Exhibit 1**.

37. Highland only charged the City $440.00 for the purported service. **Exhibit 2.**

38. Plaintiff denies liability under the invoice and refused to pay same.

## I.     PARTIES

39. Plaintiff THOMAS R. KOCHIS is an adult individual who resides in the State of Michigan and owns the Property.

40. Plaintiff brings this class action on behalf of itself and all others who are similarly situated by virtue of having been charged unlawful Fees by the City of Westland.

41. Defendant City of Westland is a municipal corporation located within Wayne County in the State of Michigan.

## II.     JURISDICTION AND VENUE

42. Plaintiff incorporates the preceding paragraphs.

43. Jurisdiction by this Court over Plaintiff's constitutional claims is proper pursuant to 28 USC § 1343 and 28 USC § 1331.

44. Supplemental jurisdiction over all state law claims is proper pursuant to 28 USC § 1367.

45. Venue is proper in this District pursuant to 28 USC § 1391 because the District is where the Defendants reside, where a substantial part of the events and omissions giving rise to Plaintiff's claims occurred, and where a substantial part of all properties subject to the action are located.

46. As additional Class Plaintiffs are identified, this District will remain the most convenient venue in which all future cases can be considered and consolidated as necessary.

### III.   CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF DUE PROCESS

47. Plaintiff incorporates the preceding paragraphs.

48. It is unconstitutional to deprive a person of their property without due process of law. U.S. Constitution 5th Amendment; Michigan Constitution 1963 Article 1, Section 17.

49. The City's Weed Ordinance and Nuisance Ordinance unlawfully deprive Plaintiff of its property without any opportunity to be heard or challenge the Fees in any way.

50. The City is unlawfully charging and collecting Fees.

51. The City deprives Plaintiff, and those similarly situated, of any pre-deprivation or post-deprivation procedures related to the charging of the Fees. More specifically, the City issues its Fees to Plaintiff in the form of an

unchallengeable invoice; there is no hearing or possibility of appeal of the Fees, and if Plaintiff fails to pay the Fees they are placed as a lien on his Property thereby depriving Plaintiff of his money and potentially the property as a whole.

52. There is otherwise no lawful mechanism by which Plaintiff is afforded a hearing at any time to challenge the propriety of the City's conduct, let alone the Fees charged.

53. The City of Westland violates the rights of Plaintiff and others similarly situated by charging Fees that are hundreds and thousands of dollars greater than the expense paid by the City; as a result Plaintiff has incurred damages. Left unchecked, the City will continue to charge Fees in violation of the due process rights of Plaintiff and others similarly situated.

54. The City of Westland further violates the rights of Plaintiff and others similarly situated by charging Fees without providing proper notices as required by the Weeds and/or Nuisance Ordinances; as a result Plaintiff has incurred damages.

55. The City of Westland further violates the rights of Plaintiff and others similarly situated by charging the Fees without first obtaining approval from City council; as a result Plaintiff has incurred damages.

<u>**COUNT TWO**</u>
**VIOLATION OF THE EIGHTH AMENDMENT**

56. Plaintiff incorporates the preceding paragraphs.

57. The Eighth Amendment to the United States Constitution precludes excessive fines. The United States Supreme Court has applied the Eighth Amendment equally to civil and criminal proceedings.

58. The Eighth Amendment limits the Government's ability to extract payments as punishment for some offense. See generally *Austin v United States*, 509 US 602 (1993).

59. As set forth above the City has and continues to charge Plaintiff, and those similarly situated, Fees that are not rationally related to the expenses incurred by the City. These Fees are charged/levied unlawfully.

60. Any fine that is unlawful is, by its very nature, an "excessive fine" and should be afforded the protections of the Eighth Amendment.

61. Plaintiff, and those similarly situated have been damaged by paying such excessive fines and/or having such excessive fines placed as liens on their properties.

**COUNT THREE**
**VIOLATION OF DUE PROCESS AND FOURTEENTH AMENDMENT**
**(Deprivation of Appellate Rights)**

62. Plaintiff incorporates the preceding paragraphs.

63. The Michigan Constitution provides a right of appeal from a final order of an administrative body.

64. The City's issuance of the Fees invoices is not a final order as contemplated by the Michigan Constitution.

65. As a result, Plaintiff, and those similarly situated, have no right to appeal the issuance of the Fees to any court.

66. This deprivation is especially important where, as here, the failure to succumb to the City's demands for payment results in a lien being placed on the homeowner's property; failure to pay the lien results in the property being foreclosed by the taxing entity.

67. Plaintiff has been harmed as a result of the City's unconstitutional conduct.

## COUNT FOUR
## UNJUST ENRICHMENT

68. Plaintiff incorporates the preceding paragraphs.

69. Defendant in this matter has collected hundreds of thousands of dollars in unlawful Fees and has been unjustly enriched accordingly.

70. Defendant has benefitted from this unjust enrichment to the detriment of Plaintiff.

71. Plaintiff, individually and on behalf of those similarly situated seeks reimbursement for monies paid to the City under the unlawful threat of the Fees being owed.

## COUNT FIVE
## RESTITUTION/ REMEDY OF ASSUMPSIT

72. Plaintiff incorporates the preceding paragraphs.

73. Defendant has been unlawfully charging Fees to Plaintiff and those similarly situated without authorization under its own ordinances, state law, or the Constitution.

74. Defendant has been unlawfully collecting Fees that are in excess of any charge reasonably proportional to the costs of providing a service.

75. Pursuant to §10-82 of the Defendant's ordinances the City has the ability, and often does, place liens on properties like Plaintiff's for a failure to pay the demanded Fees.

76. Michigan law provides that an assumpsit remedy may be maintained against a municipality and/or its divisions without regard to government immunity when restitution is being sought for an illegal or inappropriate assessment that is authorized to become a lien on property, or threatens to take away or forfeit property rights under color of law where the act of the municipality constitutes a misuse of a badge of governmental authority for purposes unauthorized by law and thereby is no governmental function to be protected by governmental immunity.

77. Plaintiff seeks a court order for cessation of such illegal and inappropriate charges that were paid/levied and restitution back to such time as applicable under the relevant statute of limitations.

## COUNT SIX
## HEADLEE VIOLATION

78. Plaintiff incorporates the preceding paragraphs.

79. As set forth above, the Fees charged by the City is in excess of that proportionate to the necessary costs of the services and do not represent actual or reasonable costs of administration. Quite to the contrary, the Fees charged to Plaintiff and other owners are between five-to-seven times greater than the actual costs paid by the City for the service.

80. Likewise, the 30% administrative fee charged by the City bears no direct or rational correlation between the services provided (abatement done by a third party) and the costs of administration by the City.

81. Collectively these Fees do not serve a regulatory purpose but instead is intended to raise revenues for the City and is involuntarily paid (or levied to) by the Plaintiff and those similarly situated.

82. The aforesaid Fees are a tax that was not approved by the voters of the Defendant (or otherwise authorized by law) and are therefore void and unconstitutional pursuant to Article 9, Section 31 of the Michigan Constitution of 1963 (the "Headlee Amendment").

83. In particular, the City may not disguise a tax as a fee under the Headlee Amendment, which provides:

> Units of Local Government are hereby prohibited from levying any tax not authorized by law or charter when this section is ratified or from increasing the rate of an existing tax above that rate authorized by law or charter when this section is ratified, without the approval of a majority of the qualified electors of that unit of Local Government voting thereon.

84. The Fees, either individually or collectively, are a disguised tax, intended to avoid the obligations of the Headlee Amendment, including the requirement that the Fees, as taxes, be approved by a majority of the electorate.

85. The Fees, either individually or collectively, have all the relevant indicia of a tax:

    a. They are demanded under no lawful authorization and without a reasonable relationship to any service provided to or benefit received by the taxpayer;

    b. The amounts charged are disproportionate to the costs – as evidenced by the City's own records;

    c. The Fees are designed to – and in fact do – generate revenues that exceed the City's actual costs of providing the alleged services conveyed;

    d. The Plaintiff, and those similarly situated, benefit in no manner distinct from any other taxpayer or the general public; and

    e. Payment of the Fees is not discretionary, but actually or effectively mandatory by virtue of the City's ability to place (and foreclose) a lien on the subject property.

86. As a direct and proximate result of the City's implementation of the Weed and Nuisance Ordinances and accompanying Fees unlawfully charged under it, Plaintiff, and those similarly situated, have been damaged.

## <u>COUNT SEVEN</u>
## VIOLATION OF RIGHT TO EQUAL PROTECTION

87. Plaintiff incorporates the preceding paragraphs.

88. The Michigan and United States Constitutions guarantee equal protection of the law.

89. The purpose of these provisions is to protect against discrimination among similarly situated individuals thereby ensuring that all similarly situated people are treated alike.

90. Plaintiff and those similarly situated are owners of real property in the City.

91. Plaintiff pays taxes on his Property, just like all other real-property owners in the City.

92. Taxes paid by all property owners in the City are used by the City, at least in part, to pay for the enforcement of the City's own ordinances, including the payment of its contractors and employees for ordinance enforcement.

93. As set forth above, the City unlawfully charged/levied to Plaintiff for the Fees alleged to have been incurred by the City in the enforcement of its own ordinances.

94. Upon information and belief, the City does not seek reimbursement for Fees charged for the abatements, from any other property owner in the City.

95. The City's practice of imposing the Fees only upon Plaintiff and those similarly situated is a constitutionally improper classification in two ways. First, there is nothing that distinguishes Plaintiff as a property owner and taxpayer from any other property owner and taxpayer in the City. Second, charging only Plaintiff and those similarly situated with the Fees places Plaintiff in the position of financing the City's ordinance enforcement when other property owners are not asked to do the same.

96. There is no legitimate governmental purpose being served through the City unlawfully charging Plaintiff, and those similarly situated, for Fees that are not charged to all other real-property owners in the City.

## <u>COUNT EIGHT</u>
## **DECLARATORY JUDGMENT INVALIDATING LIENS & INJUNCTIVE RELIEF**

97. Plaintiff incorporates the preceding paragraphs.

98. An actual controversy exists between Plaintiff and the City regarding the City's unlawful Fees and liens.

99. As set forth above, the City has the ability to place a lien on Plaintiff's Property for failing to pay the Fees. The lien is in the form of the Fees being placed on the tax rolls as a special assessment.

100. As the liens are based on unlawful fees as further set forth in this Complaint above, such liens should be declared invalid and removed.

## COUNT NINE
## VIOLATION OF 42 USC 1983

101. Plaintiff incorporates the preceding paragraphs.

102. Plaintiff and the class of those similarly situated have a constitutional right to challenge the City's unlawful Inspection Ordinances and the due process violated rights violated therein.

103. As set forth above Defendants then proceeded to prosecute and collect fines and fees from Plaintiff, and those similarly situated, in violation of their due process rights.

104. The City has deprived homeowners within its City of property and rights related thereto and is liable to the Plaintiff and those similarly situated pursuant to 42 USC 1983.

105. Pursuant to 42 USC 1988, in any action or proceeding to enforce

Section 1983 the Court, in its discretion, may allow the prevailing party a reasonable attorney fee as part of the costs.

## IV.   CLASS ALLEGATIONS

106.     Plaintiff incorporates the preceding paragraphs.

107.     Plaintiff and putative class members have suffered and continue to suffer similar harm due to having their property taken by the City without minimum due process and, as otherwise set forth above, unlawfully. After not receiving adequate notice or a meaningful opportunity to be heard, the Plaintiff and class members are then faced with multiplying levies for failure to pay improperly charged/levied Fees.

108.     <u>Class Definition.</u> Plaintiff seeks to certify the following class

A) All persons and entities who have been charged/levied Fees by the City under Section 22-132 of the Property Maintenance Code and Section 42-72 and 42-73 of the Environment Ordinance from June 2012 through final judgment in this matter, or such longer period as may be allowed by law.

109.     <u>Numerosity</u>.  The proposed classes are so numerous that joinder of all members is impracticable.  While the exact number of class members is not now known, Plaintiff believes the class number is in excess of 250 members. These members may be readily identified from Defendant's own records.

110.     <u>Commonality.</u> There are questions of law or fact common to the members of the class that predominate over questions affecting only

individual members.

111.    Among the questions of law or fact common to the class are the following:

a)    Did the City deprive Plaintiff of any pre-deprivation or post-deprivation due process rights to challenge the Fees charged by the City?

b)    Did the City unlawfully charge/assess Fees to Plaintiff and those similarly situated?

c)    Are the Fees charged by the City really taxes in disguise?

d)    Does the City's charging of the Fees violate the Headlee Amendment?

e)    Does the City's charging of the Fees violate equal protection?

f)    Does the City's charging of the Fees violate Michigan law?

112.    <u>Typicality.</u>  The harm suffered by Plaintiff is typical of the harm suffered by other class members differing only in amount.  Accordingly, the claims of Plaintiff are the same as those of the other class members. Resolution of these common questions will determine the liability of the Defendant to Plaintiff and the class members in general.  Thus, the claims properly form the basis for class treatment in this case.

113.    Although the amount of damages between individual class members may vary, the underlying liability issues remain the same as between all

members of the class and the Defendant.

114.    <u>Adequacy of Representation.</u>  The represented parties will fairly and adequately assert and protect the interest of the class.  Plaintiff has already demonstrated its willingness to pursue this litigation on its own behalf, and have no known conflicts with the class members.

115.    Plaintiff's co-counsel will also fairly and adequately represent the interest of the class.  Attorney Mark K. Wasvary and Aaron D. Cox are well versed in the facts and substantive law underlying the Plaintiff's claims and has previously been certified to represent a class in multiple lawsuits involving the IPMC and other Constitutional issues.[1]

116.    This class action is maintainable under Federal Rule of Civil Procedure 23(b).

117.    The maintenance of this action as a class action will be superior to

---

[1] Mark K. Wasvary has been certified as class counsel in the following lawsuits in the United States District Court for the Eastern District of Michigan: *Village Center Associates, et.al. v City of Detroit*, USDC Case No. 07-12963, *Lola Valley Terrace Association v Charter Township of Redford*, USDC Case No. 09-11238, *Lanson Development Company LLC v City of Dearborn*, USDC Case No. 09-13956, *Eghigian v Fifth Third Bank*, USDC Case No. 07-14406, *Garner, et.al. v City of Roseville, et.al*, USDC Case No. 16-10760, *Garner Properties & Management, LLC v Township of Redford*, USDC Case No. 16-14100, *Garner v City of Taylor*, USDC Case No. 16-cv-13374, *NILI 2011, et.al. v City of Warren*, USDC Case No. 15-13392. Mark K. Wasvary has also been certified in the Wayne County Circuit Court in the matter of *Woodside Square Limited Partnership v City of Romulus*, Case No. 09-019233-CZ and the Oakland Circuit Court in the matter of *Kelly, et.al. v Birmingham Public Schools,* Case No. 12-130333-CZ. Aaron D. Cox has been certified as class counsel in the following lawsuits: *Garner Properties & Management, LLC v Township of Redford*, USDC Case No. 15-14100, *Garner, et.al. v City of Roseville*, USDC Case No. 16-10760, *Garner v City of Taylor*, USDC Case No. 16-cv-13374 and *NILI 2011, et.al. v City of Warren*, USDC Case No. 15-13392.

other available methods of adjudication in promoting the convenient administration of justice.

a)  The prosecution of separate actions by or against individual members of the class could create a risk of inconsistent or varying adjudications with respect to individual members of the class that would confront the party opposing the class with incompatible standards of conduct; and/or

b)  The prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

118.  The party opposing the class has acted or refuses to act on grounds that apply generally to the class, so that final equitable, injunctive or corresponding declaratory and monetary relief is appropriate respecting the class as a whole.  Specifically, Defendant has and continues to deprive homeowners of their right to due process to challenge the Fees; Defendant also has and continues to unlawfully charge/assess the fees to property owners.

119.    The questions of law or fact common to class members predominate over any questions affecting only individual members, and as such a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

120.    The action is and will be manageable as a class action and in fact more manageable than the prosecution of separate actions in various forums and venues.

121.    In view of the complexity and importance of the constitutional issues and expense of the litigation, the separate claims of individual class members are insufficient in amount to support separate actions.

122.    It is probable that the amount which may be recovered for individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action.

123.    Plaintiff is not aware of any members of the proposed class that have filed similar litigation nor is Plaintiff aware of any pending similar litigation in which the City is a Defendant.

124.    The class action is the appropriate method for the fair and efficient adjudication of the controversy.  The legal and factual bases for the Plaintiff's claims are the same as for the claims of all class members.  The only difference between individual claims is the severity of the harm and

resulting damages. Adjudicating this case on a class-wide basis will promote substantial judicial economy by eliminating the likelihood of multiple cases (perhaps hundreds) turning on the same questions of law and fact. The class action will also provide the Plaintiff with the only meaningful avenue for relief, due to the economy of spreading its litigation costs, thereby reducing each individual's expenses over the class and enabling counsel to pursue the litigation by aggregating the claims. Further, the class action will save the Defendant the burden of defending multiple suits in multiple forums.

## VIII. RELIEF REQUESTED

WHEREFORE, on behalf of himself and others similarly situated, Thomas R. Kochis, requests the following relief:

A. That this action be determined as proper to be maintained as a class action pursuant to Federal Rules of Civil Procedure 23(b), together with an order appointing the named Plaintiff to represent the class and certifying Plaintiff's counsel to represent the class;

B. The declaratory relief as applicable and specified above;

C. An award of damages, including all applicable interest, in an amount to be determined at trial;

D.     An award of costs of this suit, including reasonable attorney's fees, as provided by 42 USC § 1988, 42 USC §1983 or on other grounds;

E.     An award of an incentive fee to the named Plaintiff for having the courage to come forward and challenge the City's ordinances and the manner in which they are administered; AND/OR

F.     Any other relief as necessary to redress the violation of Plaintiff's rights secured by the Constitution and laws.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a trial by jury on all claims and issues so triable.

Respectfully submitted by:

THE LAW OFFICES OF AARON D. COX, PLLC
Co-Counsel for Plaintiffs
23380 Goddard Rd.
Taylor, MI 48180
734-287-3664

/s/ Aaron D. Cox, Esq.
By: Aaron D. Cox (P69346)
aaron@aaroncoxlaw.com

MARK K. WASVARY, P.C.
Co-Counsel for Plaintiffs
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
(248) 649-5667

/s/ Mark K. Wasvary
By: Mark K. Wasvary (P51575)
mark@wasvarylaw.com

Exhibit 1



## CITY OF WESTLAND
36300 WARREN RD
WESTLAND, MI 48185
(734) 467-3172

# INVOICE

Customer ID: 074 01 0781 000

Invoice Number    17-0018911

Service Date:    11/24/2017

Due Date:    12/28/2017

KOCHIS, THOMAS R
45689 SAMUEL
CANTON, MI 48188

Notes: HL 13363 - LOT CLEAN UP WITH DEBRIS REMOVAL FOR 33512 BERVILLE

| Quantity | Description | Unit Price | Amount |
|---|---|---|---|
| 1 | DEBRIS | 1,009.00 | 1,009.00 |

| | |
|---|---|
| Total Invoice: | 1,009.00 |
| Invoice Balance: | 1,009.00 |
| Total Due: | 1,009.00 |

Please keep top portion for your records
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Please detach bottom portion and return with payment

Remit Payment To:     Property Address: 33512 BERVILLE +

# REMITTANCE

City of Westland
36300 WARREN RD
WESTLAND, MI 48185

(734) 467-3172

Mail to:
KOCHIS, THOMAS R

Customer ID:   074 01 0781 000

Invoice Number    17-0018911
Service Date:    11/24/2017

Due Date:    12/28/2017

Total Invoice:    1,009.00

TOTAL AMOUNT   DUE:    1,009.00



Exhibit 2

**Highland Landscape & Snow Plowing, Inc.**
51005 Belmont Park Ct W
Northville, MI 48167

734-377-5300

Jshighland1@gmail.com
www.highlandscaping.com

# Invoice

| | |
|---|---|
| Invoice No: | 13363 |
| Date: | November 24, 2017 |
| Terms: | NET 30 |
| Due Date: | December 24, 2017 |

Bill To:   **City Of Westland-WWFA**
36601 Ford Rd
Westland
MI 48185

| Description | Quantity | Rate | Amount |
|---|---|---|---|
| 33512 Berville | 1 | $0.00 | $0.00 |
| Lot clean up with Debris Removal.  All items removed from parcel and transported to proper disposal facility. | 1 | $444.00 | $444.00 |

| | |
|---|---|
| **Total** | **$444.00** |
| Paid | $0.00 |
| **Balance Due** | **$444.00** |

1 / 1